Ms. Loren Hitchcock, Deputy Director Arkansas Game Fish Commission 2 Natural Resources Drive Little Rock, Arkansas 72205
Dear Ms. Hitchcock:
I am writing in response to your request, made under A.C.A. § 25-19-105(c)(3)(B), for my opinion as to whether the Arkansas Game 
Fish Commission's determination as to the release of certain employment records is consistent with the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 2 5 — 1 9 — 1 0 1 — 109 (Repl. 2002 and Supp. 2007). Specifically, you note that the Commission received a request for a copy of the "personnel file" of a former Game and Fish Commission employee, "specifically disciplinary reports and the reason for termination." You state that the Commission's custodian of records has determined that most of the records of the former employee's personnel file are required to be released, but only after certain information is redacted, including social security number, home address, home telephone number and date of birth. In addition, you state that the custodian has determined that several complete records are exempt from disclosure, including a copy of the former employee's drivers' license under the federal "Drivers' Privacy Protection Act," 18 U.S.C. § 2721et seq., and a copy of an Arkansas State Police Criminal History Report under A.C.A. § 25-19-105(b)(12); A.C.A. § 12-12-1003; and 21-15-105. You have enclosed a complete set of the un-redacted records for my review, along with a separate set of records with the Commission's proposed redactions and with the withheld records omitted. You ask, as custodian of records, that I provide my opinion as to whether the Commission's determination to release the second set of records, with redactions, is consistent with the FOIA and any other applicable laws. *Page 2 
RESPONSE
My statutory duty under A.C.A. § 25-19-105(c)(3)(B) is to state whether the custodian's decision is consistent with the FOIA. In my opinion the custodian's decision is generally consistent with the FOIA, with some exceptions. Additional redactions and withholding of records is required in my opinion, to shield information protected by the FOIA or other law. For example, although the custodian has correctly determined to withhold any Arkansas State Police Criminal History Reports, in my opinion A.C.A. § 12-12-1009(b) and (d) (Supp. 2007), require the redaction of information outside the actual report if it would "confirm the existence or non-existence of criminal history information" to persons not authorized to receive it. In addition, in one instance the custodian has failed to redact the home address of the former employee and/or the zip code pertaining to this home address. With regard to other records the custodian proposes to release, in my opinion employment records relating to wage garnishments, W4 forms and other state tax withholding forms should be withheld from inspection and copying under the FOIA and other laws. The custodian has properly determined, in my opinion, to redact certain personal information from "Driving Record" reports. An issue arises as to whether the entire driving reports should be withheld from disclosure under A.CA.27-50-906, which restricts the persons to whom the Office of Driver Services can release such information. Although it may be a close question, it does not appear that this statute constrains the release of such information by state agencies in receipt of such information. The "personal information" on such form, as defined under the DPPA and under A.C.A. § 25-19-105(b)(12) should be redacted, however. Finally, the "Employee Information Form" contains additional material that should be redacted, including marital status and tax withholding information.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or *Page 3 
expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2007). Given that the subject of the request is a former state employee, I believe documents containing the requested information clearly qualify as "public records" under this definition. As I stated in Op. Att'y Gen. 2007-013 the "records of former employees that are maintained by a public agency are subject to the FOIA" Id. at 5, relying on Op. Att'y Gen. 2006-182 (summarizing previous opinions concluding that the FOIA's "personnel records" provisions apply to former employees).
As my predecessor noted in Op. Att'y Gen. No. 1999-305:
 If records fit within the definition of "public records" . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law. The "unwarranted invasion of personal privacy" exemption is found in the FOIA at A.C.A. § 25-19-105(b)[12]. It exempts from public disclosure "personnel records to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy. . ." The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 1999-147, citing Watkins, The Arkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134.
Accord, Ark. Op. Att'y Gen. No. 2001-122.
In my opinion the records your have enclosed are "personnel records" for purposes of the FOIA. As noted above, "personnel records" are open to public inspection and *Page 4 
copying, except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2007).
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v.Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
However, as the court noted in Stilley v. McBride, 332 Ark. 306, 312,965 S.W.2d 125 (1998), when "there is little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his "privacy interests outweigh that of the public's under the circumstances presented." Id. at 313. The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis. See Ark. Ops. Att'y Gen. Nos. 2001-112; 2001-022; 94-198; 94-178; and 93-055; Watkins,supra at 126. The test is an objective one. See, e.g., Op. Att'y Gen.1996-133. In addition, the motive of an FOIA requester is generally irrelevant to the analysis. Op. Att'y Gen. 2006-142.
In addition to this exemption, other specific exemptions are set forth in the FOIA, including exemptions for "State income tax records" (A.C.A. § 25-19-105(b)(1)) and "Home addresses of nonelected state employees . . . contained in employer records *Page 5 
. . ." (A.C.A. § 25-19-105(b)(13). The FOIA also contains a "catchall" exemption which exempts documents which are shielded by any "[law] specifically enacted" to provide for exemption. A.C.A. § 25-19-105(a)(1)(A) (Supp. 2007). A number of documents contained in personnel files are typically releaseable under the FOIA, with appropriate redactions. Op. Att'y Gen. 2007-226.
In my opinion the custodian's proposed redactions are generally consistent with these exemptions. See e.g., Ops. Att'y Gen. 2008-046
(social security numbers are properly redacted under A.C.A. § 25-19-105(b)(12)); Op. Att'y Gen. 2007-070 (home addresses must be redacted under A.C.A. § 25-19-105(b)(13)); 2007-064 (date of birth must be redacted under A.C.A. § 25-19-105 (b)(12)) and 2006-165 (home telephone numbers properly redacted under A.C.A. § 25-19-105(b)(12) under certain circumstances). I will note, however, that in one instance the custodian has failed to redact the home address of the former employee (on the second document in the records enclosed), and/or the zip code pertaining to this home address in a number of places throughout the documents. See e.g., Op. Att'y Gen. 2005-194 (stating that "[g]iven that a zip code is part of a home address, I believe [A.C.A. § 25-19-105(b)(13)] precludes disclosure of this information") . In addition, I have previously opined that the employee "personnel number" of state employees is properly redacted. Op. Att'y Gen.2007-070.
In my opinion the custodian's determination to withhold the copy of the employee's driver's license is consistent with the FOIA because it is required either by the federal "Driver's Privacy Protection Act of 1994," 18 U.S.C. § 2721 through-2725 (Repl. 2000 Supp. 2005) (the "DPPA"), or under the FOIA's "personnel records" exemption, A.C.A. § 25-19-105(b)(12). The federal Act is discussed in detail in Op. Att'y Gen. 2005-194. Although that law mainly restricts the release of information from state departments of motor vehicles, subsection 2721(c) of Title 18 states that "[a]n authorized recipient of personal information . . . may . . . redisclose the information only for a use permitted under subsection (b). . . ." As noted in Op. Att'y Gen.2005-194, disclosure pursuant to a state FOIA request is not a permitted use under that federal subsection. As also stated in Opinion 2005-194, however, the prohibition against re-dissemination ". . . will apply . . . only if the [state agency] obtained the copies of the driver's licenses from the Department of Motor Vehicles." Id., citing,18 U.S.C. § 2721(a) andO'Brien v. Quad Six, Inc., 219 F. Supp.2d 933
(N.D. Ill. 2002) (holding that the DDPA does not apply to the dissemination of personal information obtained from a private party). In the event the Commission obtained the copy of the driver's license from the Office of Driver *Page 6 
Services, in my opinion the DPPA would prohibit its release pursuant to an FOIA request. If the Commission obtained the copy from another source, such as the employee, I believe the copy of the driver's license should nonetheless be withheld under the balancing test applicable to personnel records. See A.C.A. § 25-19-105(b)(12) and Op. Att'y Gen.2005-194. The public interest in obtaining another individual's driver's license is negligible, and the individual's interest in keeping confidential the information set forth on a driver's license is substantial. Id.
In my opinion the custodian's decision to likewise withhold a copy of any Arkansas Criminal History Report provided by the State Police through the ACIC ("Arkansas Crime Information Center"), or Identification Bureau is also consistent with the FOIA, because that type of document is shielded by A.C.A. § 12-12-1003; 12-12-1009 and12-12-1011. Section 12-12-1003 states that "[c]riminal history information collected and maintained by the center is not considered public record information within the intent and meaning of the Freedom of Information Act of 1967. . . ." In addition, A.C.A. § 12-12-1011
states that "[r]elease of criminal history information for noncriminal justice purposes shall be made only by the Identification Bureau of the Department of Arkansas State Police or the central repository, under the limitations contained in § 12-12-1009, and such compiled records will not be released or disclosed for noncriminal justice purposes by other agencies in the state." In my opinion, therefore, the custodian has properly determined to withhold from inspection and copying any Arkansas Criminal History Report.[1]
In my opinion, however, additional information on this topic appearing in records outside the actual Criminal History Report may also need to be redacted in light of A.C.A. § 12-12-1009, which provides in pertinent part that: *Page 7 
 (a) Conviction information shall be made available for the following noncriminal justice purposes:
 (1) To any local, state, or federal governmental agency that requests the conviction information for the enforcement of a local, state, or federal law;
 (2) To any entity authorized either by the subject of the record in writing or by state or federal law to receive the conviction information;
 * * * (b) Conviction information disseminated for noncriminal justice purposes under this subchapter shall be used only for the purposes for which it was made available and may not be redisseminated.
 * * *
 (d) No agency or individual shall confirm the existence or nonexistence of criminal history information to any person or organization that would not be eligible to receive the information pursuant to this subchapter.
Emphasis added.
This statute prohibits a state agency "confirm[ing] the existence or nonexistence of criminal history information." It may thus apply to require redaction of such information reflected in records outside the actual Criminal History Report. In this regard, information obtained from the report appears in at least one other record you have enclosed for my review. Although the custodian has redacted some information from that record, he or she must be mindful of the statute above in making any necessary additional redactions in this regard. The bulk of the document in question, with the exception of the first sentence of the second paragraph and the last two sentences of the third paragraph, must in my opinion be redacted. See also, Ops. Att'y Gen. 2000-168 (stating that if the ACIC database was the origin of certain handwritten summations concerning criminal history information, they must be withheld from public view). *Page 8 
With regard to other records the custodian proposes to release, in my opinion employment records relating to wage garnishments, W4 forms, and other state income tax withholding forms should also be withheld from inspection and copying under the FOIA and other laws. I have recently stated, with regard to correspondence to and from a city regarding garnishment of a particular individual's salary, that the individual's privacy interest would likely prevail under the A.C.A. § 25-19-105(b)(12) "personnel records" exemption. Op. Att'y Gen. 2007-008. In my opinion, therefore, records related to that topic should be withheld. Similarly, my predecessor has concluded, and I agree, that federal "W4" tax withholding forms are exempt from disclosure under A.C.A. § 25-19-105(b)(12). See Op. Att'y Gen. 2005-194. In addition, similar state forms such as an "AR4EC" withholding form, appear to be exempted by A.C.A. § 25-19-105(b)(1) as a "state income tax record."
The records you have submitted for my review also contain several "Driving Record" or "traffic violation" reports, apparently issued through the "State Vehicle Safety Program." Seehttp://insurance.arkansas.gov/Risk (the Arkansas Insurance Department's website). It is clear that these records, if possessed by the Office of Driver Services, would be exempt from public inspection and copying under the FOIA. See A.C.A. § 27-50-906 (restricting the individuals to whom the Office of Driver Services may release these records); and Op. Att'y Gen. 91-111 (concluding that "[t]he expression of legislative intent under § 27-50-906 with respect to the release of an abstract of a driver's record by Driver Services is, in my opinion, sufficiently specific to remove the records from general disclosure to the public under the FOIA.") In this instance, however, the "Driving Record" is possessed by a separate state employing agency, rather than the Office of Driver Services. I have not found any applicable statute or previously-issued Attorney General's opinion on that point. The record in question, however, contains certain "personal information" that identifies the individual for purposes of the federal DPPA (see18 U.S.C. § 2725 (3)). You have proposed to redact most of this "personal information," but one item pertaining to "medical or disability" information remains un-redacted. See 18 U.S.C. § 2725 (3). A question may arise as to whether the entire record should be withheld in this regard, consonant with the privacy concerns expressed in A.C.A. § 27-50-906. In my opinion, however, that statute does not specifically prohibit the re-dissemination of such abstracts once released from the Office of Driver Services. Exemptions to the FOIA are to be construed narrowly. Stilley, supra. In addition, the federal DPPA excludes from the definition of "personal *Page 9 
information" "information on vehicular accidents, driving violations, and driver's status." 18 U.S.C. § 2725 (3). This may be some indication of a lesser privacy interest attendant to this information for purposes of the A.C.A. § 25-19-105(b)(12) exemption. In my opinion, therefore, the custodian's decision to supply this record with the necessary redactions (see above), is consistent with the FOIA.
Finally, the "Employee Information Form" contains additional material that should be redacted, including marital status and tax withholding information. See, e.g., Ops. Att'y Gen. 2007-226 (the public has little interest in marital status of employees under A.C.A. § 25-19-105
(b)(12); and discussion supra, concerning tax withholding information.
Otherwise, in my opinion the custodian's determination as to the release of these records is consistent with the FOIA.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
 DUSTIN McDANIEL, Attorney General
[1] You also cite A.C.A. § 21-15-105 (Supp. 2007) as justification for withholding such reports. That statute appears in a subchapter requiring Arkansas State Police criminal background checks for state employees working in certain "designated positions," which are defined as positions in which "a person is employed by a state agency to provide care, supervision, treatment, or any other services to the elderly, to mentally ill or developmentally disabled persons, to persons with mental illnesses, or to children who reside in any state-operated facility or a position in which the applicant or employee will have direct contact with a child or a person who is elderly, mentally ill, or developmentally disabled." A.C.A. § 21-15-101(5) (Supp. 2007). I do not have sufficient facts to determine the applicability of this subchapter to the employee in question. The applicable confidentiality provision of the subchapter states that: "Any information received by a state agency from the Identification Bureau . . . shall not be available for examination except by the affected applicant for employment or his or her authorized representative. . . ." A.C.A. § 21-15-105(a) (Repl. 2004). *Page 1